UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-TP-20077-MOORE

UNITED STATES OF AMERICA

v.

JOSEPH ANTHONY JOHNS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** arose on a Petition For Warrant or Summons For Offender Under Supervision. (ECF No. 3). The Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned Magistrate Judge for all necessary and proper action with respect to any and all violations of supervised release. (ECF No. 9). An evidentiary hearing was held on November 3, 2022. (ECF No. 14). For the reasons set forth below, the undersigned **RECOMMENDS** that the Petition be **GRANTED** with respect to Violation No. 3 and **DISMISSED** with respect to Violation Nos. 1 and 2.

**I.**     **BACKGROUND**

Defendant Johns began his term of supervised release on July 2, 2020. Defendant's case was transferred to this District for supervision on October 27, 2020. He initially appeared on this Petition on August 29, 2022 and was released on bond. No violations of bond have been reported.

The Petition alleges that Defendant has violated three mandatory conditions:

1. failing to refrain from violation of the law. On or about August 17, 2022, in Miami-Dade County and Florida, the defendant committed the offense of Unlawful Possession of a Stolen Credit or Debit Card, contrary to Florida Statute 817.60(8).

1

2.  failing to refrain from violation of the law. On or about August 17, 2022, in Miami-Dade County and Florida, the defendant committed the offense of Cannabis Possession/20 Grams or less, contrary to Florida Statute 893.13(6)(B).

3.  failing to refrain from violation of the law. On or about August 17, 2022, in Miami-Dade County and Florida, the defendant committed the offense of Driving While License Suspended Knowingly, contrary to Florida Statute 322.34(2)(A).

## II. THE EVIDENTIARY HEARING

At the outset, the Government announced the absence of evidence to advance on violations Nos. 1 and 2, and with no basis for the Court to find probable cause that those violations occurred, I will recommend dismissal of the same.

To prove the third violation, United States Probation Officer Deleon Hollinger testified that he is Defendant's supervising probation officer. As part of that supervision he reviews new arrest information. Officer Hollinger reviewed such a report generated on August 17, 2022, which reported that Defendant had been charged in Miami-Dade County, Florida with the offense of knowingly driving while license suspended.[1] Officer Hollinger had received an email alert from NCIC notifying him of the new charge. According to the report, Defendant was pulled over and presented a Florida ID, in lieu of a driver's license.

Officer Hollinger testified that on the next day, Defendant called him and told him about his contact with law enforcement the preceding day. In that conversation, Defendant conveyed to Officer Hollinger that he was aware that his license was suspended. The report further indicated that the officer ran Defendant's name and determined that his license was suspended. Officer Hollinger testified that he has confirmed, by reviewing DAVID records, the information in the report.[2]

---

[1] Fla. Stat. § 322.34(2)(A).
[2] A DAVID report was admitted at the hearing as Ex. A, and it reveals that Defendant's license was suspended on

### III.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

The evidence presented through the testimony of Officer Hollinger, including his account of the conversation he had with Defendant, is sufficient to support probable cause to believe that the alleged violation in fact occurred. I credit the Officer's recollection of the NCIC alert he received and importantly, it is corroborated by the telephone call and notification of the event by Defendant.

At the hearing, Defendant through counsel argued that the admission that he knew his license was suspended—at the time of the phone call—did not prove that he knew his license was suspended *before* he was stopped and charged with the offense. In other words, his statement to Officer Hollinger could have expressed that he learned his license was suspended as a result of the charges. While the argument is plausible, no evidence was advanced in support and I have no evidentiary basis to find that the stop informed him of his suspended status. Though the admission is capable of the interpretation argued, I find, by a preponderance of the evidence, that his admission to Officer Hollinger, which did not then include his denial that he knew before he was charged, nor any claim that he only learned of his status due to the encounter, demonstrates that he committed the violation of driving with his license suspended—knowingly.

### IV.   RECOMMENDATIONS

Based on the foregoing, it is the **RECOMMENDATION** of the undersigned that the Court find probable cause for the violation alleged in the Petition (Violation No. 3), dismiss the other violations for which no evidence has been advanced in support, and set the matter for a final revocation hearing.

The parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and

---

April 26, 2016.

Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 25th day of August, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of Record